CHRISTINA FROELICH, *Appellee*, v. UNITED ROYALTY COMPANY, an express trust, and M. H. WATTS, S. M. BROWN and RUTH STEWART, as trustees thereof, *Appellants*.

No. 39,841

FRANK FROELICH, *Appellee*, v. UNITED ROYALTY COMPANY, an express trust, and M. H. WATTS, S. M. BROWN and RUTH STEWART, as trustees thereof, *Appellants*.

(297 P. 2d 1106)

Opinion on rehearing filed June 9, 1956. (For original opinion of reversal, see *Froelich v. United Royalty Co.*, 178 Kan. 503, 290 P. 2d 93.)

*Kirke W. Dale*, of Arkansas City, argued the cause, and *Donald Hickman*, of Arkansas City, *Marvin E. Thompson*, *George W. Holland*, and *Alan Kent Shearer*, all of Russell and *G. C. Spillers*, and *G. C. Spillers, Jr.*, both of Tulsa, Oklahoma, were with him on the briefs for the appellants.

*Delmas L. Haney*, of Hays, argued the cause, and *F. F. Wasinger*, of Hays, was with him on the briefs for the appellees.

The opinion of the court was delivered by

ROBB, J.: This opinion is on a limited rehearing in the above cases, which were previously consolidated for review in this court. The opinion quieting title in appellants as against appellees, thereby reversing the judgment of the trial court, was filed on November 12, 1955. (*Froelich v. United Royalty Co.*, 178 Kan. 503, 290 P. 2d 93.)

A motion for a limited rehearing was granted in this case to redetermine to what fractional interest appellants' title was quieted in and to the minerals in place.

On August 11, 1922, there was a declaration of trust executed establishing appellant, United Royalty Company (hereinafter re-

ferred to as United) for the purpose of pooling the undivided óne half of the oil and gas mineral rights of the fee owners of 50,000 acres of land in exchange for 2,000,000 units in United. This trust was in existence at all times pertinent hereto. George H. Butler, and Louisa, his wife, who were appellees' predecessors in title, in pursuance of the trust arrangement, executed and delivered to United on October 10, 1924, two documents namely, a contract and royalty pooling agreement, and a royalty conveyance. As set out in the original opinion, United's title was quieted to a fractional interest in and to the minerals in place. This brings us to the issue raised in the argument on rehearing as to what fractional interest United received. In our opinion we determined the interest to be as follows:

". . . an undivided *one sixteenth interest* in and to the minerals in place in and under the land involved. . . ." (Our emphasis.) (p. 510.)

United argues that this should have been an undivided *one half interest* and appellees contend that the interest is correct as above stated.

The original declaration of trust provided for an undivided one half interest in the oil and gas mineral rights of the fee owners. The contract and royalty pooling agreement between United, as party of the first part, and the Butlers, as parties of the second part, contained the following two paragraphs:

"The undersigned party of the first part agrees to pay all expenses, excepting State production taxes, until the said pool is completed; the said pool shall be completed when the party of the first part shall have secured a one-sixteenth royalty, of the oil, gas and mineral rights in and under not less than fifty thousand acres of prospective oil, gas and mineral lands or when the pool is declared fully closed.

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"It is further agreed that for and in consideration of the agreements herein before stated and for a further consideration of membership in and to the United Royalty Companies, royalty pooling organization, the said party of the second part agrees to deliver to the said party of the first part a trust conveyance (said conveyance specifically setting out that same is not transferable) to an undivided one *Sixteenth 1/16* interest in and to all of the oil, gas and mineral rights in and under the following described land . . . [here follows description of 160 acres of land herein involved]."

The royalty conveyance wherein the Butlers were parties of the first part, and United was party of the second part, provided:

"That the said party of the first part [consideration recited] does hereby bargain, sell, grant, convey, transfer, assign and set over to second party, his

heirs and assigns, an undivided *one half* ½ interest in and to the oil and gas royalty, which is or may hereafter be reserved by said party of the first part or his assigns, exclusive of the oil and gas bonus and oil and gas rental money in . . . [here follows description of 160 acres of land herein involved]."

When argued on rehearing the question of the fractional interest United had acquired from the Butlers was stressed for the first time. However, all the above documents were included in the record from the outset. It has been argued throughout this litigation that the oil and gas industry has negligently used terms and phrases interchangeably and that a great amount of confusion has resulted therefrom in contracts involved in that industry. This confusion has been clarified and minimized to an appreciable extent by the courts but sometimes it is difficult even for courts to unsnarl the loose language of documents pertaining to mineral deeds and royalty conveyances so as to carry out the intention of the parties executing them. A more complete discussion of this subject was set out in the original opinion in this case.

It is admitted and is quite true that the function of a court is to enforce a contract made by the parties thereto; it is not to create a contract for them which is in accord with the court's own notions as to what the contracting parties wisely should have done. (*Bailey v. Talbert,* 179 Kan. 169, 176, 294 P. 2d 220.) Determination of the intention of contracting parties must be gleaned from the four corners of an instrument when it is unambiguous in its terms. However, if ambiguity or uncertainty exists in those terms, then other agreements are admissible to ascertain the intention of the parties. (*Brungardt v. Smith,* 178 Kan. 629, 290 P. 2d 1039.)

The transaction in this case did not depend upon one isolated document but had to be finally determined by all the documents because the pooling agreement executed in pursuance to the declaration of trust was among a large number of landowners as is shown in the original opinion at pages 505 and 506. Thus it can readily be determined from the clear and unambiguous language of the declaration of trust and the royalty conveyance that the interest United received was one half of the rights of the fee owner in the oil and gas minerals in and under the ground and one half of the royalty reserved to the fee owner when such minerals were severed or extracted from and brought to the surface of the ground.

This is in keeping with the first quoted paragraph of the contract and royalty pooling agreement, which becomes somewhat ambiguous when the second quoted paragraph thereof is considered.

It can readily be seen that the interest created by such second quoted paragraph would result in United getting 1/128th of the royalty because seven eighths of the minerals in place inure to the so-called working interest in severing and producing such minerals for market. This leaves only one eighth so-called royalty reserved to the fee owner and if United were to receive only one sixteenth of that, this would amount to a 1/128th interest which, as we have said, was not the intent of the Butlers, United, or any of the other participating landowners in the pool when all three of the documents are considered together. (*Dailey v. Joslin,* 172 Kan. 199, 207, 240 P. 2d 471.)

Such questions as the one raised herein are largely attributable to the interchangeable and careless use of terms and fractions by laymen in obtaining the execution of leases and other documents connected with the oil and gas industry.

In view of what has here been stated, the original opinion in this case should be modified as to the fractional interest of United and the last paragraph thereof changed to read as follows:

"The judgment in each case is reversed with directions to enter judgment quieting appellants' title in and to an undivided one half interest in and to the minerals in place in and under the land involved as against any and all claims of appellees."

It is so ordered.