No. 40,055

F. W. Tretbar, *Appellant*, v. The Aged Ministers Home, at Lake-mont, N. Y., a corporation, also known as The Aged Christian Minister's Home, a corporation, *Appellant;* R. Boyd Wallace, Executor of the Estate of Emma Rasmussen, Deceased, *Appellant;* The State of Kansas, *Appellee;* the unknown officers, successors, trustees, and assigns of Palmer College of Albany, Missouri, a corporation, *Appellee;* and James V. Dickson, *Appellee.*

(299 P. 2d 58)

Opinion filed June 30, 1956.

*F. C. Littooy,* of Hutchinson, argued the cause, and *H. R. Branine* and *C. E. Chalfant,* both of Hutchinson, were with him on the briefs for the appellant F. W. Tretbar.

*Evart Garvin,* of St. John, argued the cause, and *Robert Garvin,* and *Morris Garvin,* both of St. John, were with him on the briefs for the appellants The Aged Ministers Home and R. Boyd Wallace, Executor of the Estate of Emma Rasmussen, Deceased.

*John Anderson, Jr.,* attorney general, and *Fred W. Rausch, Jr.,* assistant attorney general, were on the brief for the appellee the State of Kansas.

The opinion of the court was delivered by

Wertz, J.: This was an action to partition certain real estate. The facts, so far as the determinative issues are involved, may be briefly stated: Niles J. Rasmussen, the owner of the real estate in question, died testate March 27, 1930. All of the property, real and personal, owned by him at his death was disposed of by items II and III of his will:

"II. I give and bequeath all the remainder of my property, personal, mixed

or real to my beloved wife, Emma Rasmussen, for her use or employ as she may desire, during her natural lifetime.

"III. After the death of my wife, Emma Rasmussen, I give and bequeath all of the Real Estate and what ever remains of my other property, personal or mixed to the Aged Ministers Home, at Lakemont, New York, its successors and assigns forever, and Palmer College, of Albany, Missouri, and its successors and assigns forever, the two institutions to share equally, in the property, or the proceeds therefrom, share and share alike."

The estate was duly probated and on June 27, 1935, the probate court entered its order finding that under the terms of the will a life estate in the real estate passed to his wife, Emma, with remainder over in equal shares to The Aged Ministers Home of Lakemont, New York, its successors and assigns forever, and Palmer College of Albany, Missouri, its successors and assigns forever. The Aged Ministers Home was at all times and still is in existence. Its correct legal name is The Aged Christian Minister's Home. Title to its one-half interest in the real estate is not in question in this action.

Palmer College was an educational institution and college corporate of the State of Missouri. It suspended operations in the year 1930, but continued its corporate existence until 1941. On May 22, 1941, Palmer College filed a petition for dissolution in the Circuit Court of Gentry County, Missouri, alleging in substance its corporate existence, and that from and after its organization until the year 1930 it maintained and operated an educational institution known as Palmer College, which prescribed and offered a two-year course in college training; that in the year 1930 the state of the endowment of the college and its finances and assets were so depleted that it became impractical to longer operate; that the corporation through its officers suspended operation and, by resolutions duly and regularly enacted from time to time, liquidated the corporation and paid all of its debts. By resolution, Palmer college transferred and set over its properties and moneys to Defiance College of Defiance, Ohio; that all the assets had been turned over to Defiance College except certain personal property necessary and sufficient to pay the costs of final dissolution. On July 15, 1941, the Missouri court appointed a receiver who filed his statement of account and petition for discharge. The statement disclosed that the receiver had taken over all the assets of Palmer College in the amount of $2,327.92, paid all costs and other charges incident to the proceeding and the dissolution of Palmer College; that all of its holdings, notes and securities were previously by resolution set

over and transferred to Defiance College. On June 23, 1941, by order and decree of dissolution, the Circuit Court of Gentry County, Missouri, found that the petition of Palmer College for dissolution was verified by its president and secretary in the manner provided by law, and that notice of a general nature and cause of the application for dissolution was given to all members, creditors and persons having unexecuted contracts with the corporation, and that due proof of service was filed. The petition for dissolution contained a full and true inventory of all the estate, both real and personal of such corporation. The court found that Palmer College, prior to filing its petition, had adopted a resolution favoring its dissolution. The court further found that by resolution, Palmer College had previously transferred and set over its properties to Defiance College, Defiance, Ohio, except $2,327.92, reserved by its officers for completion of the dissolution of the corporation, and that the balance of the moneys after payment of the costs of the dissolution proceedings, should be set over to Defiance College. The court ordered Palmer College dissolved and that the receiver should pay the balance of the funds in his hands to Defiance College after the payment of the costs of the proceedings.

Emma Rasmussen died October 30, 1949. On September 12, 1952, Defiance College executed a quitclaim deed conveying its interest in the real estate in question to plaintiff Tretbar. At the conclusion of the trial in the instant case, the court found in pertinent part:

"That under the will of Niles J. Rasmussen, one-half of said property involved herein was bequeathed to The Aged Ministers Home, at Lakemont, N. Y., also known as The Aged Christian Minister's Home, a corporation, and the court finds that said The Aged Ministers Home is the owner of a one-half interest in and to said real estate.

"That under the will of Niles J. Rasmussen, one-half of said real estate was bequeathed to Palmer College of Albany, Missouri, but that said Palmer College, prior to its dissolution and termination of its corporate existence, never transferred or conveyed said interest, and that said interest therefore escheated to the State of Kansas, and the court finds that the State of Kansas is now the owner of said undivided one-half interest previously owned by said Palmer College."

The court also found that under the authority of *Rasmussen v. Tretbar*, 170 Kan. 184, 224 P. 2d 1010, the deed by which plaintiff Tretbar claims title was void.

Plaintiff filed his motion for a new trial which was overruled, and judgment was entered in accordance with the trial court's findings.

Plaintiff Tretbar contends that on the death of Niles J. Rasmussen, an undivided one-half interest in the property in question vested in Palmer College, subject only to the life estate of his widow, Emma, and that Palmer College prior to its dissolution transferred and conveyed its interest to Defiance College which, in turn, conveyed to Tretbar, and that he is now the owner of the legal title thereto.

It was the contention of the defendants The Aged Christian Minister's Home, and R. Boyd Wallace, executor of the estate of Emma Rasmussen, deceased, that since Palmer College ceased to function as a college in the year 1930, and was dissolved as a corporation in 1941, thereby terminated its legal existence without having made any conveyance of the real estate in question prior to its dissolution, the legacy lapsed and the property reverted to the original donor, Niles Rasmussen, and then descended to his widow and only heir at law, Emma, and that by the terms of her will the property went to defendant The Aged Christian Minister's Home.

Defendant State of Kansas contended that if the legacy lapsed, the property escheated to the state.

We will first consider whether the devise to Palmer College lapsed. It is the general rule that the law favors the early vesting of testamentary gifts, and this court is committed to the rule that unless a contrary intention clearly appears, an interest will be regarded as vested rather than contingent. (*Cramer v. Browne,* 159 Kan. 423, 155 P. 2d 468; *Epperson v. Bennett,* 161 Kan. 298, 301, 167 P. 2d 606.) The fact the interest of a remainderman may be of indefinite value or may ultimately have no material value, does not prevent the creation of a vested remainder, or the fact that the testator who devises or bequeaths property to one for life, the remainder to another, gives to the life tenant a power to dispose of the property so that there is a possibility undetermined until the determination of the life estate that the property will not, in fact, be available to the remainderman, does not make the remainder contingent but leaves it vested subject to defeasance by the exercise of the power. (*Beall v. Hardie,* 177 Kan. 353, 358, 279 P. 2d 276; *Buxton v. Noble,* 146 Kan. 671, 73 P. 2d 43.)

It is apparent that the interest obtained by Palmer College under the will of Niles J. Rasmussen was a remainder which vested immediately upon the death of the decedent, March 27, 1930. At that time, Palmer College was still in existence and therefore the devise could not have lapsed even though the life tenant, Emma,

did not die until October 30, 1949. A lapsed devise or legacy is one that has never vested or taken effect. The term "lapsed legacy" is generally applied to a testamentary gift which has become inoperative by reason of the death, in the lifetime of the testator, of the person named as legatee or devisee. (69 C. J. 1051.) As a general rule there can be no lapse after the legacy or devise has once vested. Accordingly, where the interest of the legatee or devisee under the will has vested, his subsequent death does not cause a lapse, even though it occurs before the time when such legacy or devise becomes payable. (69 C. J. 1053.)

We treat the second question. Was the mentioned vested title in the real estate in question effectively conveyed by Palmer to Defiance College prior to its dissolution?

In the application and petition for dissolution filed by Palmer College in the Circuit Court, Gentry County, Missouri, it was alleged that Palmer College had transferred and set over its properties and moneys to Defiance College. On June 23, 1941, that court found that Palmer College had transferred and set over its properties to Defiance College and had no property remaining except cash. The court further found that the balance of the assets were to be set over to Defiance College after the payment of the debts of Palmer College, and the costs of dissolution. There was definitely a finding by the Missouri Court that Palmer College had, before dissolution, transferred its property to Defiance College, and that transfer was approved by the Missouri court, title to the real estate in question thereby vesting in Defiance College. Inasmuch as Defiance College, on September 12, 1952, conveyed by quitclaim deed the property in question to plaintiff Tretbar, he became the fee owner thereof.

It is contended by defendants The Aged Christian Minister's Home and R. Boyd Wallace, executor, that the deed from Defiance College to Tretbar was void by reason of our previous decision in the case of *Rasmussen v. Tretbar,* supra. That case involved neither the real estate here in controversy, nor the deed of September 12, 1952, which was executed and delivered subsequent to the death of Emma, nor did that action involve the same parties. The previous decision did not involve the transfer of title from Palmer to Defiance College, nor did it involve the question of lapsed devises or escheats. The deed of September 12 was not void as against public policy, as were the previous deeds reported in the mentioned case.

Inasmuch as title vested in Palmer College upon the death of Niles Rasmussen, and it transferred title to Defiance College prior to its dissolution, the devise to Palmer did not lapse and, as a consequence, could not escheat to the State of Kansas nor revert to the original grantor or his heirs. By the resulting conveyance for a valuable consideration from Defiance College to plaintiff Tretbar, he became the owner of the undivided one-half interest in the property in question.

In view of what has been said, the judgment of the trial court finding that The Aged Christian Minister's Home is the owner of an undivided one-half interest in the real estate in question, is affirmed, and that the order of the trial court finding that Palmer College before its dissolution never transferred or conveyed its one-half interest, and that its interest escheated to the State of Kansas, is reversed with directions to the trial court to set aside that portion of the judgment and enter judgment for the plaintiff F. W. Tretbar.

It is so ordered.

FATZER, J., not participating.