No. 41,452

THE COMMERCIAL NATIONAL BANK OF KANSAS CITY, KANSAS, a Corporation, *Appellee*, v. D. R. MARTIN, et al., *Defendants;* VIOLET L. DEVORE and VIOLET L. DEVORE, Executrix of the Estate of Howard R. DeVore, Deceased, *Appellant.*

(340 P. 2d 899)

Opinion filed June 13, 1959.

*Robert A. Anderson* and *Richard C. Byrd,* of Ottawa, argued the cause, and *Joseph W. Morris,* of Tulsa, Oklahoma, was with them on the briefs for the appellant.

*William S. Bowers,* of Ottawa, argued the cause, and *B. F. Bowers,* of Ottawa, was with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action brought in the district court by The Commercial National Bank of Kansas City, Kansas (appellee), against Violet L. DeVore (appellant) and other defendants not material herein to quiet title to three quarter sections of land sit-

uated in Franklin county. From a judgment in favor of appellee, defendant Violet L. DeVore appeals.

The facts are as follows: W. M. DeVore, a long-time resident of Williamsburg, Franklin county, died testate June 4, 1931, leaving as his sole survivors a son, Howard R. DeVore (age, fifty-seven) and a granddaughter, Margaret Fogle (age, twenty). He was a farmer, cattleman and president of the Williamsburg State Bank. His will and codicil were admitted to probate in Franklin county July 22, 1931; the estate was fully administered, and final settlement of the estate and discharge of the administrator with the will annexed was ordered July 17, 1934. No appeals were taken from that order, and the will was not construed.

At the time of his death W. M. DeVore owned the three quarter sections of land which are the subject matter of this action. In paragraph 11 of his will, W. M. DeVore devised the above-mentioned real property to his son, Howard, for life, and upon the death of Howard to the Kansas Trust Company in trust. The trustee was directed to sell the land, invest the proceeds in securities and pay the income therefrom to a certain named school district in Franklin county (Williamsburg) at semiannual periods to be used by that school district to maintain a course in vocational agriculture. The will provided that if the named school district should cease to exist and a new one should be created, then the income was to be paid to the new school district for the same purpose, and further that if the named school district ceased to exist and no other school district was created, or if the named school district or its successor "shall fail for a period of one school year to maintain a course in vocational agriculture in said school, then this trust shall cease and terminate, and the principal of said trust fund shall be by said trustee paid to my heirs at law according to the laws of descent and distribution of the state of Kansas." It is undisputed that the appellee is the legal successor to the trustee named in the will—the Kansas Trust Company—and the trial court so found.

Following the death of his father in 1931, Howard took possession of the land in question and remained in possession thereof until his death. During this period the appellee, as trustee under the will of W. M. DeVore, kept a watchful eye on the property and on at least one occasion contacted Howard with reference to the payment of taxes.

A few months prior to his death, Howard was married to the appellant. He died testate May 17, 1956, leaving as his sole survivors his wife (appellant) and his daughter, Margaret Fogle. Administration of his estate was begun nearly a year later and his will was admitted to probate in Franklin county April 3, 1957. Appellant was appointed executrix of the estate. Howard's will devised and bequeathed all his property, real and personal, to her as his surviving spouse.

On May 17, 1957, the appellee filed its petition in the Franklin county probate court, alleging ownership, as trustee, of the land in question and claiming title by virtue of the will of W. M. DeVore, and asked that letters of appointment as testamentary trustee be granted. Notice was given to all interested parties as provided by law, including notice to appellant individually and as executrix of the estate of Howard R. DeVore. Appellant, individually and as executrix of Howard's estate, filed exceptions and motions to the petition, and it was amended. On May 24, 1957, the probate court appointed the appellee as special trustee under the will of W. M. DeVore and stated that the trustee should not have power or authority to sell the land in question or to make any distribution of the income from the trust *res* until the dispute over ownership of the land was settled. On the same day, appellee filed its sworn "inventory of trust estate," stating that as trustee it was the legal owner, in trust, of the three quarter sections of land.

Upon motion of appellee, the probate court, June 11, 1957, issued an order authorizing the appellee, as testamentary trustee, to file a suit in the proper court for a declaratory judgment interpreting the will and codicil of W. M. DeVore to quiet title to the land in question. Appellant did not appeal from that order. Pursuant to that order, appellee filed this action in the district court of Franklin county for that purpose.

On May 31, 1957, appellant, as executrix of the estate of Howard R. DeVore, filed her inventory and appraisement in that estate and listed therein, as an asset, the three quarter sections of land in question.

Issues were joined in the district court action and the case proceeded to trial.

The trial court made findings of fact substantially in accord with those heretofore related, and concluded as a matter of law as follows:

"1. This action is brought for the purpose of quieting title and interpreting the provisions of Item 11 of the will of W. M. DeVore, Deceased, and the

District Court has jurisdiction to determine all issues raised by the pleadings.

"2. From the words of the last will and testament and codicil thereto, its language, provisions and all parts thereof, and from the nature and extent of the testator's property and the various devises and bequeaths and dispositions made of his property by said last will and testament, the Court concludes that it was the intention of the testator to create and that he did create in his son, Howard R. DeVore, a life estate, and no further interest other than a life estate, in the North Half and the Southeast Quarter of Section 7, Township 18, Range 18, Franklin County, Kansas, and that said life estate terminated upon May 17, 1956, the date of the death of said Howard R. DeVore.

"3. The fee title to the North Half and the Southeast Quarter of Section 7 is vested in the plaintiff to be held in trust for the benefit of the Williamsburg Rural High School District all in accordance with and subject to the limitations of Item 11 of the will of W. M. DeVore, deceased.

"4. Item 11 of the will also creates in the heirs of W. M. DeVore, Deceased, a possibility of reverter should the School District ever cease or fail for one year to maintain a course in vocational agriculture. Upon the happening of that possible event the trust fund should be by the trustee paid to the testator's heir to be then determined.

"5. The public charitable trust and the possibility of reverter to the heirs are both valid and neither violates the rule against perpetuities."

The court entered judgment in accordance therewith, quieting title to the land in question in the appellee, from which judgment this appeal was perfected.

The first question presented is whether the provisions contained in paragraph 11 of the W. M. DeVore will violate the rule against perpetuities. Appellant contends that the devise in trust for the benefit of the school district does, in fact, violate the rule and is, therefore, null and void because (1) title to the three quarter sections of land devised in trust never actually vests in the trustee within the period of the rule for the reason that the trustee and beneficiary are limited to the spending of the income from the corpus and no express authority is given to the trustee to dip into the principal of the trust, and (2) paragraph 11 of the will indicates the primary intention of the testator was to devise the fee in the land to his heirs at law at a date so remote that it violates the rule. Appellee, on the other hand, contends that upon the death of the testator, W. M. DeVore, it acquired a vested remainder interest in the land, subject to Howard's life estate and to defeasance upon the happening of certain events specified in the will, and, therefore, appellee now has the complete title to the land in trust for the benefit of the school district.

At the outset it may be stated that a devise in trust for educational purposes, such as the one involved herein, creates a public char-

itable trust (*Washburn College v. O'Hara,* 75 Kan. 700, 704, 90 Pac. 234; *In re Estate of Porter,* 164 Kan. 92, Syl. ¶ 3, 187 P. 2d 520; 14 C. J. S. Charities § 15a, pp. 444-445), and it may be limited to a particular educational purpose or use (14 C. J. S. Charities § 15b, pp. 445-446). Such trusts are favorites of the law which must be upheld whenever possible, and once it has been determined a will contains language creating the trust, other language to be found therein which is susceptible of more than one construction must be liberally construed for the purpose of carrying out the intention of the donor. (*In re Estate of Porter,* supra; *In re Estate of Woods,* 181 Kan. 271, 282, 283, 311 P. 2d 359.)

It is the well-established rule in this jurisdiction that the intention of the testator is to be determined from the whole will—from the four corners of the instrument when all provisions of the will are considered without deleting any part thereof. (*In re Estate of Yetter,* 183 Kan. 340, 328 P. 2d 738; *In re Estate of Woods,* supra, 275, 277; *Diver v. Hendrix,* 178 Kan. 253, 257, 284 P. 2d 1080; *Walker v. Koepcke,* 177 Kan. 617, 622, 282 P. 2d 382; *Beall v. Hardie,* 177 Kan. 353, 356, 279 P. 2d 276.) In examining the will in its entirety, it becomes clear that the testator's intention or primary purpose was to devise the land in question to appellee in trust for the benefit of the school district. He, then, directed that in the event the primary purpose of the trust should ever fail, the corpus should go to his heirs at law.

Under this situation, what sort of an interest did the appellee acquire in the property? The very idea of a life estate, such as was created in Howard by the will, presupposes a fee existing elsewhere than in the tenant for life (*In re Estate of Woods,* supra, 280; *Alexander v. Goellert,* 153 Kan. 202, 205, 109 P. 2d 146). Thus, in the instant case, the fee was vested in the appellee as trustee, and the trust in favor of the school district took effect immediately upon the termination of Howard's life estate, unless appellant's contention that the provisions in the will violate the rule against perpetuities is correct.

Generally speaking, the rule against perpetuities is that no future interest in property can lawfully be created which does not necessarily vest within twenty-one years after some life or lives presently in being, excluding from such computation of years the incipient life of infants *in ventre sa mere.* It is grounded traditionally on a farsighted public policy which frowns on the total exclusion of

property from commerce for long periods of time and is supported by the practical needs of modern times. (*In re Estate of Woods,* supra, 280.)

However, this court has held that no remainder will be construed to be contingent which may, consistently with the words used and the intention expressed, be deemed vested. (*Bunting v. Speek,* 41 Kan. 424, 21 Pac. 288; *In re Estate of Woods,* supra, 280, 281.) The law favors the early vesting of testamentary gifts, and unless a contrary intention clearly appears in a testamentary instrument, an interest will be regarded as vested, rather than contingent. (*Tretbar v. Aged Ministers Home,* 180 Kan. 18, 21, 299 P. 2d 58, and cases therein cited; *In re Estate of Woods,* supra, 281.) Furthermore, an estate may properly vest within a life or lives in being, irrespective of how long possession and enjoyment of the property may be postponed. A vested interest does not necessarily include a right to possession and if the title is vested, the interest is not subject to the rule, however remote may be the time when it may come into possession, inasmuch as the rule has reference to the time within which title vests. (*In re Estate of Woods,* supra, 281, and cases cited therein.)

In accordance with the foregoing rules of law and the intention of the testator, as expressed in the will, it is apparent that legal title to the real estate in question vested in the appellee as trustee and equitable title vested in the school district upon the death of the testator (W. M. DeVore) with the enjoyment of possession thereof postponed until such time as the life estate created in Howard terminated. The fact that the corpus of the trust was to be paid over to W. M. DeVore's heirs at law upon the failure of the trust, if it did fail, does not change the result and does not make the interest of the trustee contingent rather than vested. Broadly speaking, the distinction between a contingent estate and an estate vested subject to defeasance appears to be that if the condition on which the estate depends is precedent, the estate is contingent; if subsequent, it is vested subject to defeasance. (See annotation 131 A. L. R., pp. 712-725; Simes and Smith, The Law of Future Interests (2d Ed.), § 147, pp. 153-155.) For a general discussion on the subject of vested and contingent remainders, see *Faris v. Nickel,* 152 Kan. 652, 107 P. 2d 721, and *McLean v. Stanley,* 134 Kan. 234, 5 P. 2d 839.

By the terms of the will, the land in question was devised to ap-

pellee in trust subject to a life estate, with the added provision that it was to go to W. M. DeVore's heirs at law upon the happening of a certain event, which, in fact, might never happen. Thus, the condition on which appellee's estate depended was a condition subsequent and, therefore, appellee acquired a vested estate in trust subject to defeasance.

The interest created in W. M. DeVore's heirs at law was a possibility of reverter (Simes and Smith, The Law of Future Interests (2d Ed.), § 281, pp. 327-329), and as such is not subject to the rule against perpetuities. (Simes and Smith, The Law of Future Interests (2d Ed.), § 294, pp. 353-354, and § 1239, pp. 146, 148; 2 Bogert, The Law of Trusts and Trustees, § 347, p. 509.) Nor can the equitable estate determined to be vested in the school district be declared ineffective because the use might be in perpetuity, inasmuch as charitable trusts are not subject to the rule. (*In re Estate of Woods*, supra, 282; 2 Bogert, The Law of Trusts and Trustees, § 352, pp. 518-520; 70 C. J. S. Perpetuities § 30, pp. 613-614.) We are committed by our many pronouncements on the rule against perpetuities and we must, therefore, conclude that the legal title involved here vested in appellee on the death of W. M. DeVore, subject to defeasance upon the happening of certain specified events, and was not in violation of the rule. (*In re Estate of Woods*, supra, 282.)

The second question presented is whether the district court had jurisdiction to hear and determine this lawsuit. Appellant contends that since the appellee was making a claim to land which was listed and inventoried in the estate of Howard R. DeVore, deceased, it was attempting to get assets out of such estate and, therefore, the probate court had exclusive jurisdiction to hear and determine the case; hence, the district court was without jurisdiction.

We do not agree with this contention. As heretofore stated, the legal title to the property involved vested in appellee as trustee on the death of W. M. DeVore with the enjoyment and possession thereof postponed until Howard's life estate terminated. Upon Howard's death his life estate terminated, and there was nothing left to pass to his heirs or personal representatives. The appellee, as the remainderman, was entitled to the immediate possession thereof (31 C. J. S. Estates § 65b, p. 81). Thus, the property never became an asset of Howard's estate, and the mere fact that appel-

lant, as executrix of his estate, erroneously listed it in her inventory as an asset did not make it one, nor was the appellee, as the true owner, required to come into the probate court to establish its title to the property. Title to the property in question having vested in the trustee as aforementioned, if appellant was claiming any interest therein in her representative capacity in Howard's estate, it was incumbent upon her to have brought an action in the district court to bring such assets into Howard's estate. (*Hildenbrand v. Brand*, 183 Kan. 414; 327 P. 2d 887; *Coffey v. Shrope*, 180 Kan. 621, 306 P. 2d 164; *In re Estate of Weaver*, 175 Kan. 284, 262 P. 2d 818.)

The record has been thoroughly examined and no error has been found. In view of what has been said above the judgment is affirmed.

It is so ordered.