NOT DESIGNATED FOR PUBLICATION

No. 121,512

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

ANNETTE GOODPASTURE,
*Appellee*,

and

JOHN GOODPASTURE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Atchison District Court; ROBERT J. BEDNAR, judge. Opinion filed June 5, 2020. Affirmed.

*John Goodpasture*, appellant pro se.

*Philip L. Goetz*, of Topeka, for appellee Kansas Department for Children and Families.

Before BRUNS, P.J., GREEN, J., and TIMOTHY J. CHAMBERS, District Judge, assigned.

PER CURIAM: John Goodpasture appeals from the judgment of the trial court denying his motion to set aside or void a previously issued child support order against him. John claimed in his motion that when his former wife, Annette Goodpasture, along with their children, moved her residence from the state of Kansas, it deprived the courts of Kansas continuing jurisdiction over his child support payments to Annette. We disagree. Thus, we conclude that the courts of this state retain continuing jurisdiction over his child support obligations. Therefore, we affirm.

1

John and Annette Goodpasture were divorced by decree in this state on January 27, 1997. The divorce decree gave Annette primary residential custody of the couple's three children. The three children were born in 1989, 1991, and 1993. John was ordered to pay child support in the amount of $100 per week.

The Kansas Department for Children and Families (DCF) filed a notice of assignment of the child support payments in 1997. The assignment transferred the right to collect on all past, present, and future support payments from Annette to DCF.

On December 13, 2018, John moved to set aside the child support order. The trial court summarily denied John's motion to set aside child support.

John timely appeals the trial court's denial of his motion.

*Did Annette's Change of Residence Affect John's Child Support Obligations?*

John's motion to set aside child support was summarily dismissed by the trial court based on his pleadings. The standard of appellate review is de novo for cases decided by the trial court based upon documents and stipulated facts. *Rucker v. DeLay*, 295 Kan. 826, 830, 289 P.3d 1166 (2012). When the controlling facts are based on written or documentary evidence from pleadings, admissions, depositions, and stipulations, an appellate court is in as good a position as the trial court to examine and consider the evidence and to determine what the facts establish as a matter of law. *Weber v. Board of Marshall County Comm'rs*, 289 Kan. 1166, 1175-76, 221 P.3d 1094 (2009).

John filed his submissions pro se, both his motion before the trial court and his appeal to us. Appellate courts have a duty to construe pro se filings liberally. See *In re Marriage of Williams*, 307 Kan. 960, 983, 417 P.3d 1033 (2018). Liberal construction

allows courts to grant relief based on the facts alleged, that is, "the substance of the pleading controls over its label." 307 Kan. at 983.

John argued in his motion that the trial court lacked both personal and subject matter jurisdiction to enforce its child support order. He maintained that when Annette and the children moved their residence from Kansas, the trial court lost jurisdiction to enforce its child support order. Thus, John's sole argument before the trial court involved whether the court could exercise personal and subject matter jurisdiction over John's obligation to pay child support.

Nevertheless, on appeal, John adds several other arguments which were not presented to the trial court. They are the following: (1) that no trial court ordered arrearages and, therefore, he does not owe arrearages; (2) that Kansas courts lost jurisdiction once the children reached the age of maturity; (3) that the doctrine of laches applies to bar collection of his past due child support payments; (4) that the State of Kansas, through DCF, cannot stand in Annette's place to collect past due child support; and (5) that the child support judgments are now dormant. Even construing John's motion to the trial court as liberally as possible, his motion did not present any of these previously mentioned contentions to the trial court for consideration. Issues not raised before the trial court cannot be raised on appeal. *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011). Although there are several exceptions to this general rule, we determine that John has not argued any of these exceptions in his brief.

On that basis, we conclude that John's additional contentions have not been properly raised on appeal. As a result, we will not address these contentions in this appeal.

Turning to John's personal jurisdiction issue, we note that the trial court here has personal jurisdiction over both parents because of their personal appearance before that

3

court for the divorce trial. *In re Marriage of Williams*, 307 Kan. at 978-79. See K.S.A. 2019 Supp. 23-36,202 (Personal jurisdiction acquired by a tribunal of this state relating to a support order continues as long as a tribunal of this state has continuing jurisdiction to enforce its order as provided by K.S.A. 2019 Supp. 23-36,206.). Thus, the trial court here continues to have personal jurisdiction over the parties.

Next, John argues that Kansas courts lost subject matter jurisdiction over his child support obligations when Annette and the children moved their residence from Kansas. A court has subject matter jurisdiction of an action when it has been invested with the authority to hear and to decide a particular type of action. *Wall v. Kansas Department of Revenue*, 54 Kan. App. 2d 512, 514, 401 P.3d 670 (2017).

Nevertheless, John's subject matter jurisdiction argument is wrong as a matter of law. Kansas has adopted the Uniform Interstate Family Support Act (UIFSA) for purposes of determining if a trial court has continuing jurisdiction over child support issues. See K.S.A. 2019 Supp. 23-36,101 et seq. Under UIFSA, once a court acquires jurisdiction over a child support matter, that court retains continuing jurisdiction to enforce its child support order. See K.S.A. 2019 Supp. 23-36,206(a)(1), (2) and (b). The trial court here continues to have subject matter jurisdiction to enforce its child support order under UIFSA.

For these reasons, John's personal and subject matter jurisdiction arguments fail.

Affirmed.