## FRANKLIN v. BEARD, Adm'r.

No. 24911.　March 26, 1935.

Robert Crockett, U. S. Probate Attorney, for plaintiff in error.

Reuel W. Little, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Marshall county, Okla., affirming an order of the county court of Marshall county, Okla., appointing an administrator of the estate of Lefus Byington, and also overruling a motion filed in said county court by Gladys Franklin, a minor, to dismiss an application for a determination of heirship in said estate.

On October 24, 1929, Emma Byington, as the surviving wife of Lefus Byington, filed a verified petition in the county court of Marshall county, Okla., alleging that Lefus Byington died a resident of the state of Texas, leaving real and personal property in Marshall county, and requesting the appointment of Ollie L. Beard as administrator. She and Willie Byington, a son, waived their rights to administration and nominated Ollie L. Beard. Beard was appointed, qualified and assumed his duties.

It further appears that on October 25, 1929, Willie Byington executed a deed to Earl E. Ayers conveying certain lands located in Atoka and Marshall counties, being a part of the allotment of Lefus Byington inherited by Willie Byington. This deed was approved by the county court of Marshall county.

On November 13, 1929, Earl E. Ayers filed a petition to determine the heirship of Lefus Byington. On November 15, 1929, Robert Crockett, a United States probate attorney, filed an affidavit alleging that he was United States probate attorney, and had received no notice of the application for the appointment of an administrator, and charging that the county court of Marshall county was without jurisdiction to appoint an administrator or determine heirship upon the sole ground that Lefus Byington at the time of his death was a resident of Atoka county, Okla., and on the same date filed a notice of appeal to the district court of Marshall county from the order appointing Beard administrator.

Then, on December 21, 1929, Gladys Franklin, a minor and an adopted child of Lefus Byington, appeared by Robert Crockett, United States probate attorney, and filed a special appearance and motion to dismiss all of the proceedings pending in the county court of Marshall county upon the theory that said court was without jurisdiction either to appoint an administrator or to entertain a petition for the determination of the heirs of Lefus Byington upon the same ground, to wit, that Byington was a resident of Atoka county and never at any time resided in Marshall county. This motion was overruled, and Gladys Franklin Byington appealed to the district court of Marshall county.

A transcript was filed in the district court of Marshall county and Beard filed a motion to dismiss the appeal, which motion was duly overruled and the case tried de novo in the district court upon the question of the residence of Lefus Byington at the time of his death.

In fact, plaintiff states at page 4 of his brief that the "only question presented by this record is one relating to the residence of Lefus Byington; whether at the time of his death he was a resident of Collin county, Tex., or was a resident of Lane, Atoka county, Okla.," and his brief is confined to the proposition that the judgment of the district court of Marshall county, upon this question of residence of Lefus Byington, is clearly against the weight of the evidence.

The judgment of the trial court was a general judgment. The court affirmed the judgment of the county court, appointing the administrator and overruling motion of plaintiff in error to dismiss. He found generally in favor of the appellee as well as finding specifically that the county court of Marshall county had jurisdiction to appoint the administrator.

In the case of Anderson v. Jackson, 170 Okla. 612, 41 P. (2d) 815, in an opinion handed down February 26, 1935, it is said in the third syllabus:

"In a proceeding for letters of administration in this state, on appeal this court will weigh the evidence, but will not reverse the judgment of the trial court unless such judgment is clearly against the weight of the evidence."

It is said in the case of Youngblood v. Rector, 126 Okla. 210, 259 P. 579:

"Proceedings to admit a will to probate are in the nature of an equitable action, and, on appeal, this court will weigh the evidence but will not reverse the judgment of the trial court unless said judgment is clearly against the weight of the evidence."

The first syllabus paragraph in Mendenhall v. Walters, 53 Okla. 598, 157 P. 732, says:

"In a case of purely equitable cognizance, it is the duty of the Supreme Court when the sufficiency of the evidence to support the findings of the trial court is challenged to consider the whole record and to weigh all the evidence, and when the judgment of the trial court is clearly against the weight of the evidence, to render or cause to be rendered such judgment as should have been rendered in the trial court."

It is said in the case of Turner v. Turner, 159 Okla. 93, 14 P. (2d) 388:

"This court has frequently held that, in a civil action triable to the court, where the finding of the court is general, such finding is a finding of each specific thing necessary to sustain the general finding; and where such finding is not clearly against the weight of the evidence, the judgment will be affirmed. Watashe v. Tiger et al., 88 Okla. 77, 211 P. 415."

It is, therefore, a question as to whether the judgment of the trial court in finding that Lefus Byington was a resident of Collin county, Tex., at the time of his death, was or was not clearly against the weight of the evidence. And this leads us to a discussion of the evidence.

Emma Byington, the surviving widow, verified her petition for administrator, which she filed in the county court of Marshall county, on October 24, 1929, and in this petition she recited that Lefus Byington died intestate on or about the 19th day of October, 1929, in the state of Texas, and that

256

the deceased at the time of his death was a resident of the state of Texas.

She and Willie Byington, the surviving son, both filed waivers in the county court, waiving their rights to the appointment of administrator and requesting that the county court appoint Beard.

Emma Byington made an affidavit on November 29, 1929, in which she swore that Lefus Byington, who formerly lived at Lane, in Atoka county, Okla., moved away in September, 1929, and stated that he never intended to return and nobody need expect him; that he was going to Wiley, Tex., and was going to stay at Wiley as long as he lived, and that he requested before he died that he be buried at Wiley, Tex., and if he should move away from Wiley, he would probably go west for his health. She attempted to contradict this to some extent in her oral testimony in the district court trial.

Willie Byington, the son, apparently testified that Lefus Byington lived down in Texas at the time of his death, and then attempted to state that he was coming back to Oklahoma. James Skelton was a negative witness.

Gladys Byington, a twelve-year old girl, gave testimony tending to show that the deceased was coming back to Oklahoma.

On the other hand, it appears that the attorney for the administrator investigated the question as to where Lefus Byington actually lived at the time of his death, and certainly there is no good reason shown in the record as to why there was any preference of having the administration in Marshall county rather than Atoka county. The inferences would be entirely the other way, because he knew that if Lefus Byington was a resident of Atoka county, the county court of Marshall county would not have jurisdiction to appoint an administrator, and the district judge had an opportunity to observe the witnesses on the stand, and furthermore, we have carefully read the entire record and are not willing to say that the judgment of the district court of Marshall county is clearly against the weight of the evidence.

Plaintiff in error has cited several authorities on the question as to what is meant by the words "residence" and "domicile," and said authorities are the law as to their particular fact situations, but do not. apply in this case.

We, therefore, find that the judgment of the lower court is not clearly against the weight of the evidence, and judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Chas. R. Bostick, M. A. Breckinridge, and Donald L. Brown in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Bostick and approved by Mr. Breckinridge and Mr. Brown, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur.