Stanley Ray GILBERTSON, Appellant,

v.

Mary Kathrine GILBERTSON, Appellee.

No. 44973.

Supreme Court of Oklahoma.

June 20, 1972.

J. Blake Sanders, Oklahoma City, for appellant.

Jerry D. Sokolosky, Oklahoma City, for appellee.

McINERNEY, Justice:

On this appeal, we must determine whether the adoption process can be used by a father, who is divorced and not remarried, to terminate the parental rights of the mother and to obtain exclusive custody of their minor, legitimate child.

Appellant, Stanley Ray Gilbertson, and appellee, Mary Kathrine Gilbertson, were married in 1965 and divorced in 1970. The divorce decree awarded custody of the parties minor child, Tammy, to appellee-mother and provided reasonable visitation rights for appellant-father. Less than a month later, appellee determined that her search for employment would probably require her to be absent from the state. Therefore, appellee stipulated to a modification of the divorce decree to give appellant custody of Tammy for a period of six months. Based on the stipulation, the district court modified the divorce decree, but ordered that the custody provisions of the original decree would again become effective at the end of the six month period.

Soon after obtaining custody of Tammy, appellant filed a petition for her adoption alleging that appellee desired to relinquish custody of Tammy to him and requesting that the relation of parent and child be established solely between him and Tammy. At the same time, appellant filed a consent to adoption signed by appellee. In the consent to adoption, appellee relinquished cus-

tody of Tammy and consented to giving exclusive custody of Tammy to appellant. On the same day that appellant filed the adoption petition, the district court entered a final decree of adoption allowing appellant to adopt Tammy, establishing the relation of parent and child solely between appellant and Tammy and granting appellant exclusive custody of Tammy.

After expiration of the six months period provided in the modified custody decree, appellant retained custody of Tammy. Relying on the custody provisions of the original divorce decree, appellee commenced in the divorce case a habeas corpus proceeding against appellant to obtain custody of Tammy. At the habeas corpus hearing, appellant challenged the jurisdiction of the trial court on the ground that the final decree of adoption terminated the court's continuing custody jurisdiction in the divorce case. The trial court overruled appellant's challenge to its jurisdiction, held that the adoption proceeding was a nullity, ruled that the custody provisions of the divorce decree remained in effect, and ordered appellant to surrender custody of Tammy to appellee.

Before commencing the habeas corpus proceeding in the divorce case, appellee filed an application in the adoption case to set aside the final decree of adoption on the ground that her consent had been obtained through a misunderstanding of its implication and by duress, pressure and fraud. Appellant challenged the jurisdiction of the trial court and moved to dismiss the application on the basis that the proceeding had not been commenced by serving him with a summons as required by 12 O.S.1961, § 1033. The trial court took appellant's motion to dismiss under advisement and had not ruled upon the motion prior to the habeas corpus hearing. The trial court did not hear evidence regarding nor rule upon the voluntariness of appellee's consent to adoption. Therefore, whether appellee's consent was voluntarily given is not involved in the present appeal.

Appellant argues that the final decree of adoption terminated the parental rights of appellee and awarded exclusive custody of Tammy to him. Thus, appellant contends that the trial court no longer had continuing jurisdiction over the custody of Tammy. Further, appellant claims that the validity of the adoption proceeding cannot now be questioned because an appeal was not taken from the judgment in the adoption case. Appellee argues that the final decree of adoption is void and that, therefore, the custody provisions of the divorce decree determine who is entitled to custody of Tammy.

The effect of a final decree of adoption is found in the Uniform Adoption Act, 10 O.S.1971, § 60.16. Section 60.16 provides:

"(1) After the final decree of adoption is entered, the relation of parent and child and all the rights, duties and other legal consequences of the natural relation of child and parent shall thereafter exist between such adopted child and the adoptive parents adopting such child and the kindred of the adoptive parents. From the date of the final decree of adoption, the child shall be entitled to inherit real and personal property from and through the adoptive parents in accordance with the statutes of descent and distribution, and the adoptive parents shall be entitled to inherit real and personal property from and through the child in accordance with said statutes.

"(2) After a final decree of adoption is entered, the natural parents of the adopted child, unless they are the adoptive parents or the spouse of an adoptive parent, shall be relieved of all parental responsibilities for said child and have no rights over such adopted child or to his property by descent and distribution."

Prior to the final decree of adoption, the relation of parent and child existed between appellant and Tammy, and all legal consequences of the natural relation of child and parent existed between Tammy and appellant. Furthermore, without the final decree of adoption, Tammy was enti-

tled to inherit from and through appellant, and appellant was entitled to inherit from and through Tammy. Consequently, the adoption proceeding conferred no additional rights nor imposed any additional duties upon appellant or Tammy. Thus, the sole purpose of the adoption proceeding must have been to terminate appellee's parental rights.

 Adoption creates a legal relationship of parent and child between persons who were not so related by nature or law. Marshall v. Marshall, 196 Cal. 761, 239 P. 36, 37 (1925); 2 Am.Jur.2d, Adoption, § 1, at 860; 2 C.J.S. Adoption of Children § 1, at 367. When the natural relationship of parent and child exists, there is no need for a legally created relationship under the Uniform Adoption Act, 10 O.S.1971, § 60.1 et seq., except for illegitimate children, because adoption confers no benefits or rights nor imposes any obligations or duties not previously existing as a result of the natural relationship. Therefore, we do not believe the Legislature intended to provide a proceeding for a parent to adopt his natural, legitimate child. Nor do we believe that the Legislature contemplated the use of adoption proceedings for the sole purpose of terminating parental rights; the Legislature provided a procedure for termination of parental rights under certain conditions in 10 O.S.1971, § 1130, formerly 10 O.S.Supp.1965, § 471.

 In Marshall v. Marshall, supra, the Supreme Court of California, under different but applicable circumstances, stated:

"It seems unthinkable that one who is both the natural mother and the legal mother of a child can legally adopt such child. The natural mother of a child could legally adopt such child only in a case wherein her parental relationship had theretofore been severed as a matter of law. . . . . "

The court held that the mother's purported adoption of her children was an "utter nullity." 239 P. at 38. We agree. Therefore, we hold that the adoption proceedings and

the final decree of adoption in the present case were absolutely void. Failure to appeal from the judgment rendered in the adoption proceedings did not preclude an attack on the validity of the judgment; a void judgment is subject to direct or collateral attack at any time. 12 O.S.1971, § 1038; Westbrook v. Dierks, Okl., 292 P.2d 172 (1955).

 Since the final decree of adoption was void, it could not change the custody of Tammy. Nor could the void adoption decree terminate the trial court's continuing custody jurisdiction under the provisions of 12 O.S.1971, § 1277. Thus, the trial court did not exceed its jurisdiction when it issued the writ of habeas corpus in the divorce case. Moreover, when appellant asserted the adoption decree in objection to the trial court's jurisdiction, the trial court correctly ruled that the adoption proceeding was a nullity and that appellee was entitled to the custody of Tammy under the provisions of the divorce decree.

Affirmed.

BERRY, C. J., DAVISON, V. C. J., and JACKSON, IRWIN, HODGES, LAVENDER and BARNES, JJ., concur.

WILLIAMS, J., not participating.