No. 49,742

KENNETH J. NELSON and HOMER SHARPE, Trustees of the Endowment Fund of the Hoffman Memorial Hospital Association of Little River, Kansas, A Corporation, *Appellees,* v. MARY KRING, LOIS GARDENER, DOROTHY BEHRENS, EDWARD G. GIRARD and KENNETH GIRARD, *Appellants,* and CHARLES M. WILSON, Chairman, Board of Control, the Hoffman Memorial Hospital Association of Little River, Kansas, A Corporation, *Appellee,* v. HOSPITAL DISTRICT NO. 2, RICE COUNTY, KANSAS, A Municipal Corporation, *Intervenor-Appellee.*

(592 P 2d 438)

Opinion filed March 31, 1979.

*John A. Robinson,* of Rauh, Thorne, Robinson & Childs, of Hutchinson, argued the cause and was on the brief for the appellants.

*Arthur C. Hodgson,* of Hodgson & Kahler, of Lyons, argued the cause and was on the brief for the appellees Nelson and Sharpe, Trustees.

*Firman G. Gladow,* of Lyons, argued the cause and was on the brief for appellee

Charles M. Wilson and intervenor-appellee Hospital District No. 2, Rice County, Kansas.

The opinion of the court was delivered by

FROMME, J.: George M. Hoffman was a patron of the city of Little River, Kansas. He died in 1931. One of his benefactions was a testamentary trust for the benefit and maintenance of the George M. Hoffman Memorial Hospital in Little River. The hospital building had been constructed by Hoffman in 1916 before his death. By 1972 the building could no longer be licensed as a hospital and the Hoffman Memorial Hospital ceased to operate. In 1975 the trustees of the Hoffman trust filed this action for construction of the will and to determine ownership of the assets held in the testamentary trust.

The competing claimants consist of the heirs of George Green who was named as a residuary legatee in the Hoffman will and Hospital District No. 2, Rice County, Kansas, a municipal corporation which operates a nursing home in Little River, known as Sandstone Heights. From allegations in the pleadings it appears that Hospital District No. 2 was established under the provisions of K.S.A. 80-2113 when it was apparent the Hoffman Memorial Hospital could no longer be licensed and operated. The building in which the hospital had been operated had been conveyed to the city of Little River prior to Hoffman's death. When Hospital District No. 2 was established the city transferred title to the Hoffman building and grounds to the district. By reason thereof Hospital District No. 2 is the successor to the assets of the Hoffman Memorial Hospital Association.

George M. Hoffman's wife predeceased him and he had no children. By will and codicil he set up the following testamentary trust:

"SECOND:- I will and direct that the sum of Sixty Thousand Dollars ($60,000.00) shall be set apart by my executor hereinafter named to be paid by him to and held in trust by a reliable and responsible Trust Company, the choice of which shall be subject to the approval of the Probate Court of Rice county, Kansas which approval, if questioned, shall be subject to final approval of the District Court of Rice county, Kansas. Said Trust Company shall keep and hold said fund in trust for the following purposes and subject to the following conditions - the net income or interest from said fund shall be paid by said Trust Company at least once each year to the Board of Directors and Trustees of The George M. Hoffman Memorial Hospital of Little River, Kansas to be used by them for the benefit of and the maintenance of said The George M. Hoffman Memorial Hospital. Should said Hospital fail to be operated as a hospital for any reason whatever for one year then said entire fund, with any accumulated interest or income from the same

shall go to and become the absolute property of my friend George Green of Little River, Kansas or if he be dead then to his legal heirs. . . . At no time and under no circumstances shall said Hospital or any of its Board or Trustees, or other person representing it, receive the principal of said sum. This fund and gift, . . . being subject to the provisions of the NINTH provision or paragraph of my will . . . ."

Other provisions of the will and codicil of general interest include the third paragraph which provides for a monthly stipend and a place to live for a friend, George Masterson. The fourth paragraph makes dollar bequests to certain named persons. The fifth paragraph makes a dollar bequest for the purpose of building a parsonage for the Congregational Church in the city of Little River. The sixth paragraph sets up a scholarship fund for graduates of the high school in Little River, District No. 28, to permit some student to attend some institution of higher learning. The seventh paragraph provides that the balance of the estate should be converted into cash and paid to the board of School District No. 28 to be used in the erection of a school building to be known as the Hoffman School. The eighth paragraph provides that no trust provided for in the will shall be permitted to lapse for lack of a trustee. The ninth paragraph contains a no contest provision in which the following alternative disposition is made in event of any lapse:

"NINTH:- . . . Should any devise or bequest or gift in this will be adjudged to be void by a court of competent and final jurisdiction then the sum which would have been otherwise disposed of by this will shall go to and become the property of George Green of Little River, Kansas, or, in case he has been the person who contested or questioned the same, to said school district board for the uses and purposes set forth in the SEVENTH clause of this will."

The first question to be determined is whether the trust provision, second paragraph, providing for a gift over to George Green or his heirs if the hospital should fail to be operated for one year violates the rule against perpetuities.

Generally speaking, the rule against perpetuities is that no future interest in property can lawfully be created which does not necessarily vest within twenty-one years after some life or lives in being at the creation of the interest, plus actual periods of gestation. *Commercial National Bank v. Martin,* 185 Kan. 116, 120, 340 P.2d 899 (1959). This court most recently considered the rule in *Harvey v. Harvey,* 215 Kan. 472, 524 P.2d 1187 (1974). See also *Singer Company v. Makad, Inc.,* 213 Kan. 725, 518 P.2d 493

(1974), and *In re Estate of Freeman,* 195 Kan. 190, 404 P.2d 222 (1965).

In paragraph second of his will and codicil George M. Hoffman set up the trust fund, the income of which was to be paid annually for the benefit and maintenance of the hospital. This was a charitable trust. For a general discussion of the requirements and attributes of a charitable trust see *In re Estate of Freshour,* 185 Kan. 434, 345 P.2d 689, 81 A.L.R.2d 806 (1959). For our present purposes it is sufficient to note that charitable trusts are not subject to the rule against perpetuities and might legally be in perpetuity. See *Commercial National Bank v. Martin,* 185 Kan. at 122. At the same time it is settled that where property is given in trust for charitable purposes, and it is provided that on the happening of a designated event the property shall go to a noncharity, the gift over is subject to the rule against perpetuities and will be void unless it necessarily vests within the period of the rule. See Bogert Trusts & Trustees § 347 (2nd ed. 1977); IV Scott on Trusts § 401.6 (3d ed. 1967); Leach, *Perpetuities in a Nutshell,* 51 Harv. L. Rev. 638, 668-669 (1938).

The appellants, as heirs of George Green, place primary reliance on *Commercial National Bank v. Martin,* 185 Kan. 116, to support their position that the gift over in this case does not violate the rule. Their reliance is misplaced. In that case the terms of a charitable trust provided that on the happening of certain events the corpus of the trust was to be paid to testator's heirs. The court holds that the interest thereby created in the *heirs of the testator* was a possibility of reverter and not subject to the rule. Generally speaking, future interests reserved to or remaining in the grantor or in the estate of the testator are not subject to the rule against perpetuities. It is universally agreed that the possibility of reverter is not within the rule. See Simes, Law of Future Interests § 132, p. 280 (2nd ed. 1966). Our present case involves a *gift over to a third party noncharity* and not an interest which remains with testator's legal descendents as in the *Commercial National Bank* case. The interest created in George Green and his legal heirs by the pay over clause in our present case appears to be an executory interest.

An executory interest is not a vested estate and is subject to the rule against perpetuities. Indeed, the rule was first developed to check abuses of the executory devise. See Simes & Smith, The

Law of Future Interests § 1236 (2d ed. 1956). It should be noted that it is not always easy to distinguish executory interests from contingent remainders, and in most cases it is unnecessary to do so. For present purposes it is sufficient to hold that the pay over provision in the trust in question in this case did not create a vested interest in the appellants, as heirs of George Green. The mere vesting of the legal title in a trustee does not satisfy the rule. *In re Estate of Foster,* 190 Kan. 498, 501, 376 P.2d 784, 98 A.L.R.2d 795 (1962). Since the interest is contingent and not vested it is subject to the rule against perpetuities. The executory interest fails because when created it did not necessarily vest within twenty-one years after some life or lives then in being, plus the period of gestation. It is only required that there be a "mere possibility" that vesting will not occur within the time required by the rule for the future interest to fail. *In re Estate of Foster,* 190 Kan. at 501. In the present case the interest created in the pay over provision of the trust might never have vested. The pay over provision to appellants as heirs of George Green is therefore void as against the rule.

Those representing the interests of Hospital District No. 2 argue in support of the district court's order that this case is a proper one for the application of the doctrine of cy-pres.

The Kansas Court of Appeals has recently considered the doctrine of cy-pres in *In re Estate of Coleman,* 2 Kan. App. 2d 567, 584 P.2d 1255, *rev. denied* December 5, 1978, wherein it makes the following general comments:

"The doctrine of cy-pres permits a court to implement a testator's intent and save a gift to charity by substituting beneficiaries when the named charitable beneficiary is unable to take the gift. In order for the doctrine to apply, several conditions must be met. First, the gift must be to a charitable organization for a charitable purpose. Second, it must be impossible, impractical or illegal to carry out the donor's stated charitable purpose. Finally, it must appear that the donor had a general charitable intent. The fundamental concept of the doctrine is that a donor may have a general charitable intent, and that the particular charitable institution he has designated as recipient of the gift is only an agent for effectuating that gift. Therefore, when it becomes impossible for the gift to take effect exactly as the donor specified, the court must look for another agent, as nearly like the designated one as possible, that will receive the gift and effectuate the general charitable intent expressed in the will or gift instrument." p. 574.

In *Shannep v. Strong,* 160 Kan. 206, 213, 160 P.2d 683 (1945), this court notes that the cy-pres doctrine is designed to effectuate the intention of the settlor. As used in this state the doctrine

seems to be no more than the application of rules of equity in interpreting written instruments to ascertain the intention of the grantor or testator, and in carrying out such intention. *In re Estate of Weeks,* 154 Kan. 103, 107-108, 114 P.2d 857 (1941).

"Cy-pres" is a doctrine which literally means "as near as may be"; it may be applied to charitable trusts when the trust established by a testator fails, no alternative disposition of property has been made, and the testator's intention to provide for general trust purposes can be accomplished by permitting the benefits of the trust to be administered differently, but in a manner closely related to testator's plan. The cy-pres doctrine should not be applied when testator has manifested a specific charitable intent, has anticipated possible failure of the trust, or has made an alternative disposition of the property in event the charitable gift fails for any reason. *Shannep v. Strong,* 160 Kan. at 213; *Simmons v. Parsons College,* 256 N.W.2d 225 (Iowa 1977); *Smyth v. Anderson,* 238 Ga. 343, 232 S.E.2d 835 (1977).

The next question is whether the trial court could find as a matter of law that George M. Hoffman had a general charitable intent and that the cy-pres doctrine applied so as to permit the payment of trust income to Hospital District No. 2. We think not.

The trial court received no evidence as to the nature of the nursing home for which the funds would be used. The purpose of cy-pres is to effectuate the intent of the testator; the selection of a substitute plan must be designed to effectuate that intent. In the absence of evidence as to the characteristics of a proposed substitute charity, the court is in no position to know whether it falls within the testator's charitable intent. See generally Bogert, Trusts & Trustees § 442 (2nd ed. 1977). It is apparent that the judgment in favor of the appellees will have to be reversed.

There remains the question of whether the trial court erred in failing to grant the appellants' motion for summary judgment. In this regard this court must find as a matter of law that the doctrine of cy-pres is inapplicable in this case.

With respect to testamentary trusts the general charitable intent must first be found within the instrument itself. Only if that does not resolve the question do we resort to extrinsic circumstances surrounding the actions taken by testator. See 15 Am. Jur. 2d, Charities § 162, pp. 192-193. In this case an examination of the instrument shows testator had a particular and not a general

charitable intent. The trust as set up in the will and codicil was to benefit and maintain a specific charity which bore the testator's name and was located in the city which the testator had patronized. The George M. Hoffman Memorial Hospital had operated during the testator's lifetime and was housed in a building built for that purpose by the testator prior to his death.

In addition it is universally agreed that the doctrine of cy-pres is simply inapplicable if there is a reversionary clause or valid gift over in the event the charitable gift fails. See *Simmons v. Parsons College,* 256 N.W.2d 225; *Smyth v. Anderson,* 238 Ga. 343; Bogert, Trusts & Trustees § 436, p. 496 (2nd ed. 1977); IV Scott on Trusts § 399.2, p. 3097 (3rd ed. 1967); Restatement (Second) of Trusts § 399, Comment *c,* p. 299 (1957). Although few cases have addressed the point, those that have agree that cy-pres is inapplicable even where the gift over clause is void under the rule against perpetuities. See *Pruner Estate,* 400 Pa. 629, 162 A.2d 626 (1960); *Re Cooper's Conveyance Trusts,* 3 All England Law Reports 28 (1956). The reason for this is the presence of the gift over negates the existence of a general charitable intent. This rule appears to be well founded in reason and should control the present case. By providing for a noncharitable disposition of the trust corpus upon the failure of the particular charity the testator clearly manifested an intention that the gift be particular and not general. The testator intended to support the particular hospital which bore his name in his small town and had no broader charitable intent.

The trust has failed. The pay over clause is invalid under the rule against perpetuities and cy-pres is inapplicable in this case. The one remaining question is what happens to the trust assets. In such case it must be decided whether there is a resulting trust for the heirs of the testator or whether there is a resulting trust for the residuary devisee or legatee. IV Scott on Trusts § 399.3 (3rd ed. 1967). In determining a proper disposition of property by will the intention of the testator is primary and is to be determined from the whole will without overlooking any part thereof except those provisions invalid by reason of settled rules of law or public policy. *Commercial National Bank v. Martin,* 185 Kan. 116. It is a difficult question when the failure of the charity occurs, such as in the present case, at a time subsequent to the death of the testator. The charitable trust is not invalid although by the terms

of the trust it is to continue for an indefinite or an unlimited period. Restatement (Second) of Trusts § 365, p. 244. However, the provision in the second paragraph of the codicil to the will that provided the entire fund should go to George Green of Little River, Kansas, or if he be dead then to his legal heirs is of no force and effect under the rule and must be excised. In such case the possibility of reverter occurs and the lapsed trust property reverts to the testator and passes to his heirs in the absence of a residuary clause in testator's will. If, as in this case, a residuary clause exists in testator's will it then passes to devisees and legatees in the residuary clause. *Shannep v. Strong,* 160 Kan. at 214; *Gibbs v. Turner,* 140 Kan. 53, 34 P.2d 564 (1934); *Kirkpatrick v. Kirkpatrick,* 112 Kan. 314, 211 Pac. 146 (1922); *Brown v. Independent Baptist Church of Wobum,* 325 Mass. 645, 91 N.E.2d 922 (1950). In Kansas the rule of common law, that a lapsed or void devise goes to the heirs of the testator, has been abrogated and a void devise falls into the residuum and will be disposed of by the residuary clause if one has been provided. *Kirkpatrick v. Kirkpatrick,* 112 Kan. 314, Syl. ¶ 3.

The will of George M. Hoffman contains two residuary clauses which must be read together in order to determine the intention of the testator and the proper disposition of the lapsed property. The first clause provides:

"SEVENTH:- All the rest, residue and remainder of my estate shall be converted into cash and delivered to the board, being the Trustee, Clerk and Director of said School District Number Twenty-eight heretofore named to be used by said board in the erection of a school building in the city of Little River, Kansas, to be known as the Hoffman School."

The second clause is contained in the ninth paragraph of the will and reads:

"NINTH:- . . . Should any devise or bequest or gift in this will be adjudged to be void by a court of competent and final jurisdiction then the sum which would have been otherwise disposed of by this will shall go to and become the property of George Green of Little River, Kansas, or, in case he has been the person who contested or questioned the same, to said school district board for the uses and purposes set forth in the SEVENTH clause of this will."

Under the seventh paragraph of the will the residuum would pass to a school district to be used in the erection of a school building. Under the quoted portion of the ninth paragraph the residuum from any lapsed devise or bequest is devised to George Green and only in event that George Green should contest some

portion of the will was the residuum to go to the school district. George Green appears primary and the school district secondary. In looking at the will to discern the intent of the testator, it is apparent the lapsed trust property in the hands of the trustees must be set over to George Green and his heirs if we are to carry out the intention of the testator.

The judgment of this court is that the charitable gift to the George M. Hoffman Memorial Hospital of Little River, Kansas, failed under terms of the will; the contingent interests to take on termination of the trust violated the rule against perpetuities; the cy-pres doctrine was inapplicable; and the lapsed trust property held by the trustees should be assigned to George Green or his heirs.

The judgment of the district court is reversed and the case is remanded with directions to proceed in accordance with the views expressed herein.

HERD, J., not participating.