(636 P.2d 236)

No. 52,943

In the Matter of the Estate of Patricia J. Stroble, Deceased.

CHARLES R. STROBLE, *Appellant,* v. JOHN ROBERT KLINGELE, PAMELA L. GOLUBSKI, PHILLIP WAYNE KLINGELE, SANDRA L. CLARK, and EUGENE KLINGELE, Heirs of Mary E. Klingele, *Appellees.*

Petition for review denied January 20, 1982.

Opinion filed November 25, 1981.

*Edward J. Chapman, Jr.,* of Leavenworth, for the appellant.

*Frank C. Weidling,* of Boddington & Brown, of Kansas City, and *Hylton Harman,* of Kansas City, for the appellees.

Before JUSTICE PRAGER, presiding, ABBOTT, J., and HARMAN, C.J. Retired, assigned.

PRAGER, J.: This is a dispute over the interpretation of a will and the application of the Kansas Anti-Lapse Statute (K.S.A. 59-615). The facts were stipulated by the parties in the district court and essentially are as follows:

1. Patricia J. Stroble died testate at Leavenworth, Kansas, on November 24, 1978. The instrument dated March 17, 1978, which was admitted to probate, is the Last Will and Testament of Patricia J. Stroble;

2. The sole heir at law of Patricia J. Stroble is Charles R. Stroble, her surviving spouse;

3. In May, 1975, Mary E. Klingele, mother of Patricia J. Stroble, moved into the home of Charles R. Stroble and Patricia J. Stroble. As a result, and at the same time, Charles R. Stroble began living separately from decedent;

4. On November 24, 1978, Patricia J. Stroble left her automobile running in an indoor garage immediately adjoining the living area of the home, and as a result both she and her mother died on that date as a result of asphyxiation and carbon monoxide poisoning. There is no evidence to determine the sequence of the two deaths;

5. The home was owned by Charles R. Stroble and Patricia J. Stroble as joint tenants and was acquired, maintained, repaired, and furnished through the funds of both husband and wife both before and after May, 1975;

6. The parties agree as a matter of law that the will of Patricia J. Stroble is not ambiguous, and, therefore, that no evidence is admissible to assist in the construction of the will outside the document itself;

7. The parties agree that the sole issue of law is whether K.S.A. 59-615 applies to the facts as stipulated.

The will of Patricia J. Stroble of March 17, 1978, provided in part as follows:

"WILL OF PATRICIA J. STROBLE

"I, PATRICIA J. STROBLE, a legal resident and domiciliary of Leavenworth, Kansas, being of sound and disposing mind and memory, do hereby make, publish and declare this to be my LAST WILL, revoking all prior wills and codicils thereto at any time by me made.

"I

"I first direct that all my just and lawful debts, funeral expenses and expenses in connection with the administration of my estate be paid as soon as convenient after my death. . . .

"II

"I give, devise and bequeath all the rest, residue and remainder of my estate and property of which I may be seized or possessed or to which I may be entitled at the time of death, wherever situated or of whatever nature, be it real, personal or mixed, including lapsed legacies and any property over which I may have power of appointment, to my mother, MARY E. KLINGELE, of 803 Vilas, Leavenworth, Kansas 66048, as her sole and absolute property *if she shall survive me by 30 days.*

"III

"I expressly direct that the provisions of this Will shall operate to the exclusion of my husband, CHARLES R. STROBLE, of whom I am separated." (Emphasis supplied.)

Paragraph IV of the will provided for the appointment of the executor of the will and is not pertinent to the issue before us.

After the will was admitted to probate, Charles R. Stroble filed his election to take from the estate by intestate succession as the surviving spouse rather than under the will. The dispute between the parties thus is over that half of the estate which would be subject to distribution under the will, if the will is given effect as the last will and testament of the decedent. The parties to the dispute are the surviving husband, Charles R. Stroble, and the heirs of Mary E. Klingele, the sole beneficiary of the will. Those persons are Mary's grandchildren—John Robert Klingele, Pamela L. Golubski, Phillip Wayne Klingele, Sandra L. Clark, and Eugene Klingele. We will refer to them as the heirs of Mary E. Klingele.

The case was submitted to the district court on the basis of the stipulated facts. The trial court entered judgment, awarding to Charles R. Stroble, as surviving husband of the decedent, an undivided one-half of the estate and, to each of the five grandchildren of Mary E. Klingele, an undivided one-tenth of the estate. The trial court thus held the will to be effective as to one-half of the estate, recognizing that the husband was entitled to the other half as surviving spouse, when he elected to take under the laws of intestate succession as provided by K.S.A. 59-2233.

In arriving at this conclusion, the trial court reasoned as follows. It first noted the Kansas Uniform Simultaneous Death Law (K.S.A. 58-701), which provides as follows:

"**58-701. Disposal of property when no sufficient evidence of survivorship.** Where title to property or the devolution thereof depends upon priority of death and there is no sufficient evidence that the persons concerned have died otherwise than simultaneously the property of each person shall be disposed of as if he or she had survived, except as otherwise provided in this act."

The trial court then pointed out that there was no evidence to determine the sequence of the deaths of Patricia J. Stroble and her mother, Mary E. Klingele, the beneficiary under Article II of the will. The trial court then concluded that, under K.S.A. 58-701, the property of Patricia J. Stroble should be disposed of as if she had survived her beneficiary, Mary E. Klingele, that is, as if the beneficiary had predeceased her.

The court then turned to the Anti-Lapse Statute (K.S.A. 59-615), which provides in part as follows:

"**59-615. Devise or bequest to spouse or relative who predeceases testator; 'issue' defined.** (*a*) If a devise or bequest is made to a spouse or to any relative by lineal descent or within the sixth degree, whether by blood or adoption, and such spouse or relative dies before the testator, leaving issue who survive the testator, such issue shall take the same estate which said devisee or legatee would have taken if he or she had survived, unless a different disposition is made or required by the will."

The district court decided that the anti-lapse statute should be applied under the factual circumstances in this case. The court recognized the language in Article II of the will giving the property of the testatrix to her mother, Mary E. Klingele, as her sole and absolute property "if she shall survive me by 30 days." The court noted Article III of the will which expresses the intention of the testatrix to disinherit her husband. The court then reasoned that, applying the Uniform Simultaneous Death Act, the testatrix survived the beneficiary, Mary E. Klingele. Since Mary E. Klingele left issue who survived the testatrix, they would be entitled to take Mary E. Klingele's estate under the anti-lapse statute (K.S.A. 59-615). Noting the proviso "if she shall survive me by 30 days," the court observed that this provision in all probability was placed in the will to avoid double taxation and did not operate to prevent application of the anti-lapse statute. The trial court then concluded that under the two statutes and the wording of the will, the five grandchildren, as heirs of Mary E. Klingele, were entitled to take under the will if they survived the testatrix by 30 days. Since the five grandchildren did in fact survive the testatrix by 30 days, the condition in the bequest was fully satisfied, and the grandchildren, as heirs of the beneficiary, Mary E. Klingele, were entitled to take an undivided one-half of their aunt's estate, with an undivided one-tenth going to each of them. The surviving spouse, Charles R. Stroble, appealed to this court.

The basic issue presented to the court is whether the anti-lapse statute (K.S.A. 59-615) applied under the stipulated factual circumstances. We have concluded that the trial court was incorrect in holding that it did. At the outset, before turning to the specific factual circumstances of this case, it would be helpful to consider some of the basic principles of law applicable where the beneficiary in a will predeceases the testator. These general principles are as follows:

(1) In general, a devise or legacy left to a beneficiary in his individual capacity, and not jointly with others, will lapse upon his death prior to that of the testator, unless the testator has expressed a contrary intention, or unless a controlling statute otherwise dictates. *In re Estate of Zimmerman,* 207 Kan. 354, 485 P.2d 215 (1971).

(2) The origin and history of anti-lapse legislation in Kansas is discussed in some depth in *In re Estate of Thompson,* 213 Kan. 704, 518 P.2d 393 (1974). In the opinion, we find the following language:

"At common law a gift to legatee or devisee who died before the testator lapsed. This rule was based on necessity and the ambulatory character of a will. Anti-lapse statutes soon evolved to temper application of the common-law rule. However, in the absence of a statute, or other provisions in a will which showed the testator intended the gift to go to some other designated person when the beneficiary predeceased the testator, the gift lapsed. (*Lawrence Nat'l Bank v. Jacobs,* 145 Kan. 189, 64 P.2d 22; *In re Estate of Zimmerman,* 207 Kan. 354, 485 P.2d 215; *In re Estate of Ricklefs,* 211 Kan. 713, 508 P.2d 866.)

"As early as 1868 Kansas had a statute which modified and narrowed the aforesaid common-law doctrine. (G.S. 1868, Ch. 117, § 55.) In a comprehensive revision of the Kansas Probate Code, the 1939 Legislature amended the anti-lapse statute and expanded its coverage. When Gerald F. Thompson's will was executed K.S.A. 59-615 provided:

" 'If a devise or bequest is made to an adopted child or any blood relative by lineal descent or within the sixth degree, and such adopted child or blood relative dies before the testator, leaving issue who survive the testator, such issue shall take the same estate which said devisee or legatee would have taken if he had survived, unless a different disposition is made or required by the will.'

"The statute was amended in 1968 and again in 1969. These amendments broadened the statute's coverage as to adopted children. (See L. 1968, Ch. 339, § 1; L. 1969, Ch. 279, § 1.)

"A further expansion of the anti-lapse statute was enacted by the 1970 Legislature. . . .

. . . .

"A twofold revision was accomplished by the 1970 amendment to the anti-lapse statute. First, a new category, the issue of a predeceased spouse of the testator, was brought within the statute's coverage; and second, the term 'issue' as used in the section *or* as used in a will executed after the section's enactment was legislatively defined." pp. 705-06.

(3) The present anti-lapse statute (K.S.A. 59-615) and the Kansas decisions recognize that express provisions in a will are controlling and may make the anti-lapse statute inapplicable in a particular case. We note for example the provisions of K.S.A. 59-615(*a*) which provides for nonlapse "unless a different dispo-

sition is made or required by the will." In *In re Estate of Ricklefs,* 211 Kan. 713, 508 P.2d 866 (1973), the court emphasized that where the intention of the testatrix, as expressed in the will, is clear and unambiguous, the courts must carry out that intention. In that regard, the court states:

"While the ascertainment of the intention of the testator is the polestar in interpreting a will, fixed rules should not be disregarded. Every testator, when he uses legal language having a common and accepted meaning, should be supposed to use it in its legal sense unless he plainly declares otherwise. If courts should indulge an unlimited latitude of forming conjectures on wills by continually placing themselves in the position of the testator to ascertain his intentions, instead of attending to their grammatical and legal construction, the consequences must be endless litigation. If we depart from the established rules of interpretation, without an abiding conviction the meaning of the testator's will requires that we do so, no interpretation, with respect to the title to an estate that depends upon a will can be safe until it has received the approval of the court. Lawyers and testators of the state should be able to rely with confidence upon rules of property in preparing and executing wills, and be assured the intent of the testator as expressed therein will be carried out, instead of a will being made the instrument of introducing a vague discretionary law formed upon the occasion from the circumstances, to which no precedent can be applied, and from which no rule can be deduced." p. 720.

In *Ricklefs,* the court cited *In re Estate of Graves,* 203 Kan. 762, 457 P.2d 71 (1969), which states in strong language that the courts have no business rewriting or reconstructing wills, in whole or in part, on behalf of a testator, if the will is clear and unambiguous. To the same effect is *In re Estate of Reynolds,* 173 Kan. 102, 244 P.2d 234 (1952).

(4) The general rule, almost universally applied by the courts in this country, is that when the testator uses words of survivorship in the will expressing an intent that the legatee shall take the gift only if he outlives the testator, the statute against lapses has no application and the expressed intention of the testator is controlling. This rule is simply a recognition that the expressed intent of the testator controls, which is completely consistent with the language usually contained in anti-lapse statutes which provide for nonlapse of a bequest "unless a different disposition is made or required by the will." The rule is recognized in 80 Am. Jur. 2d, Wills § 1685, p. 738, where cases from various jurisdictions are cited in support of the rule. See also the comprehensive annotation in 92 A.L.R. 846, supplemented in 63 A.L.R.2d 1172. There are no Kansas cases controlling on this point.

The only case which has been cited or which we can find which would tend to support the position of the heirs of Mary E. Klingele is *Detzel v. Nieberding, Exr.* 7 Ohio Misc. 262, 36 Ohio Op. 2d 358, 219 N.E.2d 327 (1966). There a probate court of Hamilton County, Ohio, rejected the virtually unanimous weight of authority and held that the heirs of a devisee took the devise in the face of an express provision in the will that the devisee be living at the time of the testatrix's death. Since *Detzel,* other Ohio courts have not followed the holding of that case. See *Day, Admr., v. Brooks,* 10 Ohio Misc. 273, 39 Ohio Op. 2d 441, 224 N.E.2d 557 (1967) and *Shalkhauser, Exr., v. Beach,* 14 Ohio Misc. 1, 43 Ohio Op. 2d 20, 233 N.E.2d 527 (1968).

(5) Where a bequest lapses because of the death of the beneficiary prior to that of the testator, the lapsed devise falls into the residuum and will be disposed of by the residuary clause, if one has been provided for in the will. *Trustees of Endowment Fund of Hoffman Memorial Hosp. Ass'n. v. Kring,* 225 Kan. 499, 592 P.2d 438 (1979); *Kirkpatrick v. Kirkpatrick,* 112 Kan. 314, 211 Pac. 146 (1922); *Shannep v. Strong,* 160 Kan. 206, 214, 160 P.2d 683 (1945).

(6) Where a bequest lapses because of the death of the beneficiary prior to that of the testator, and there is no residuary clause in the will, the property subject to the lapsed bequest passes under the law of descent and distribution as intestate property. *In re Estate of Reynolds,* 173 Kan. 102; and *Shannep v. Strong,* 160 Kan. at 214.

With these general principles in mind, we turn to the factual circumstances in the case now before us. Applying these principles of law to the stipulated facts, we have concluded that the express condition in the will requiring the sole beneficiary of the estate to survive the testatrix by 30 days is controlling. The bequest lapsed and, since there is no alternative beneficiary named in the residuary clause of the will, the will is ineffective. It follows that all of the property of the decedent passes under the law of descent and distribution as intestate property.

One other issue is raised by the appellees on the appeal which we should consider. As noted above, Article III of the will states, "I expressly direct that the provisions of this Will shall operate to the exclusion of my husband, CHARLES R. STROBLE, of whom I am separated." The appellees maintain that this shows a clear

intent on the part of the testatrix to disinherit her husband and, therefore, he should not be permitted to take any part of the estate except the one-half to which he is entitled as surviving spouse when he elected to take under the laws of intestate succession as provided for in K.S.A. 59-2233. The appellees reason that this provision of Article III should be given effect as to one-half of the estate so that one-half will pass to the testatrix's next surviving heirs at law, exclusive of her husband. They are the appellees in this case, the nieces and nephews of the testatrix. There are no Kansas cases on this point. The general rule, however, is that the fact that a person is disinherited by the will does not prevent his sharing, as an heir at law, in property the testamentary disposition of which has failed by lapse. See 96 C.J.S., Wills § 1225, p. 1073, citing cases from Arkansas, California, Kentucky, Minnesota, New York, Ohio, Pennsylvania, and Rhode Island. We also note 96 C.J.S., Wills § 718, p. 101, where it is stated that a testator cannot disinherit his heirs by words alone, but in order to do so the property must be given to somebody else. Counsel for the parties have not cited any cases in support of a contrary proposition. In the present case, the disinheritance clause in Article III of the will is ineffective because the testatrix gave the property to no one else. Thus, under established principles of law, the appellant, as surviving spouse, has the right to inherit all of the decedent's property as in the case of an intestacy.

On the basis of the rationale set forth above, we have concluded that the case must be reversed and remanded with directions that the estate of the decedent be distributed in accordance with the laws of intestate succession, which means that the appellant, as surviving spouse, shall take it all.

The judgment of the district court is reversed and remanded with directions.