In the Matter of the ESTATE of Carl Leicester BAXTER, Deceased.

Mary Etta CLARK and Harold Shuck, Appellants,

v.

Jimmy Carl BAXTER and Charlene Sue Holden, Appellees.

No. 76725.

Court of Appeals of Oklahoma, Division No. 3.

Feb. 25, 1992.

---

Richard Beeby, Bert M. Grigg, Tulsa, for appellants.

Gregory Allen Gray, Tulsa, for appellees.

## MEMORANDUM OPINION

HUNTER, Judge:

Carl Leicester Baxter (Testator) married Marybelle Baxter in 1954, and adopted her two children, the Appellees, in June, 1955. Testator and Marybelle later divorced. By the terms of the divorce decree, Testator relinquished all rights to the children and Marybelle was ordered to "adopt" them. Accordingly, Marybelle "adopted" Appellees in 1957, with their written consent.

Testator later married Ann Louise Baxter, who had a son by a previous marriage, Michael Charles Davis. In 1960, Testator executed his Last Will and Testament. Under the terms of the will, Testator bequeathed his entire estate to Ann, and in the event he and Ann both died in a common disaster, his estate was to pass to Michael. Testator expressly declared his intention to exclude any and all of his children, whether natural or adopted, and stated that should any child attempt to inherit under the will, that child should receive $1.00. The will nominated no executor and contained no residuary clause.

Ann died in 1982 and Testator died in 1988. Michael filed a petition to admit the will to probate, requesting that he be appointed as personal representative of the estate and that a determination of heirs be made. Testator's heirs at law were later determined to be Appellees, Michael, a half-sister—Mary Etta Clark (Appellant), and a half-brother, Harold Shuck (Appellant).

Both Appellants and Appellees objected to the appointment of Michael as personal representative of the estate. The will was admitted to probate in 1988, at which time the trial court found Michael was the sole

heir under the terms of the will and appointed him personal representative of the estate. Both parties appealed and the appeals were consolidated. *In Matter of Estate of Baxter*, 798 P.2d 644 (Okl.App. 1990), Division One of the Court of Appeals specifically determined that: (1) Testator's bequest to Michael, conditioned upon Testator and Ann dying in a common disaster, failed upon Ann's death in 1982, (2) the trial court correctly determined that Testator evinced an unambiguous intent to disinherit his children, natural or adopted, and (3) the will stands as a validly executed instrument although all bequests under the terms of the will lapsed, because the instrument evinced Testator's intent to disinherit his natural or adopted children and to dispose of his property. However, because all bequests of the will failed, the Court of Appeals determined that the estate must pass by the laws of intestate succession, and reversed and remanded the matter for further proceedings.

On remand, both parties filed petitions for letters of administration with will annexed. The trial court found Appellees are the heirs at law of Testator and appointed Jimmy Carl Baxter as administrator with will annexed. It is from this decision that Appellants now appeal.

Appellants allege the trial court erred in appointing Baxter, and urge that the trial court's decision be reversed, and Appellant Mary Etta Clark be appointed as administratrix of the estate.

■ In an appeal from a probate proceeding involving the appointment of a personal representative, this Court will weigh the evidence and will not reverse the trial court's judgment unless it is against the clear weight of the evidence. *In re Bond's Estate*, 205 Okl. 685, 240 P.2d 1116 (1952). Where other things are equal, the beneficiary having or favored by the greater interest in the estate should be preferred as administrator with will annexed. *In re Smith's Estate*, 125 Okl. 104, 256 P. 725 (1927).

In the previous appeal of this matter, we found Testator specifically disinherited the Appellees and upheld the validity of the will. This Court specifically decided this issue in the previous appeal and our ruling became the settled law of the case to be followed in all subsequent proceedings, including remand. *Muncrief v. Memorial Hospital of So. Oklahoma*, 767 P.2d 400 (Okl.1988).

In the previous appeal, it was also determined that because all bequests in the will failed, the estate must pass by the laws of intestate succession. 84 O.S.Supp.1985 § 213. *Baxter*, 798 P.2d at 648. Appellants allege the trial court's decision that Appellees are the heirs at law of Testator is in derogation of our previous finding that Appellees are disinherited and not entitled to any portion of the estate under the will.

The question before us is whether parties who have been specifically disinherited by the terms of a will in which all bequests lapse and no residuary clause exists, have a right to inherit under the laws of intestate succession. This novel question is one of first impression in Oklahoma.

■ In other jurisdictions, it appears that a clause in a will which excludes heirs from sharing in an estate is not effective unless a valid disposition is made of all the property. *Poole v. Starke*, 324 S.W.2d 234 (Tex.App.1959). Where all bequests lapse because of the death of a beneficiary prior to that of the testator and there is no residuary clause in the will, the property subject to the lapsed bequest passes under the laws of descent and distribution as intestate property. *Matter of Estate of Stroble*, 6 Kan.App.2d 955, 636 P.2d 236 (1981); *Trustees of Endowment Fund of Hoffman Mem. Hosp. Assn. v. Kring*, 225 Kan. 499, 592 P.2d 438 (1979). Apparently the general rule is that the fact that a person is disinherited by a will does not prevent his sharing, as a heir at law, in property the testamentary disposition of which has failed by lapse. *See* 96 C.J.S. *Wills* § 1225, p. 1073, citing cases from Arkansas, California, Kentucky, Minnesota, New York, Ohio, Pennsylvania and Rhode Island. Rather, a disinheritance clause, no matter how broadly or strongly phrased, operates only to prevent a claimant from

taking under the will itself, or to obviate the claim of pretermission, but does not and cannot operate to prevent heirs at law from taking under statutory rules of inheritance when the decedent has died intestate as to any or all of his property. *In re Barnes' Estate,* 63 Cal.2d 580, 47 Cal.Rptr. 480, 407 P.2d 656 (1965) (en banc); *Matter of Estate of Coleman,* 104 N.M. 192, 718 P.2d 702 (App.1986). Thus, a testator cannot disinherit his heirs by words alone, but in order to do so, the property must be given to somebody else. *Matter of Estate of Stroble, supra;* 96 C.J.S. *Wills* § 718, p. 101. One reason given for this rule is that because the intestate property passes by law rather than by will, the statute, not the testator, controls its distribution. *Kimley v. Whittaker,* 63 N.J. 235, 306 A.2d 443 (1973). Therefore, although the will effectively excluded Appellees from taking a share of the estate under the will, it did not alter their entitlement under the laws of intestate succession.

Having determined that Appellees are not foreclosed from consideration as heirs under the laws of intestate succession merely because they were disinherited under the terms of the will, we must now decide whether Appellees are indeed Testator's legally adopted children.

Appellees were legally adopted by Testator in 1955. Upon the subsequent divorce, the parties agreed that Testator would relinquish his rights to the children and Marybelle would "adopt" her naturally born children. This agreement was incorporated in the divorce decree and Marybelle went through the motions to "adopt" them with their consent in 1957.

■ Adoption creates a legal relationship of parent and child between persons who were not so related by nature or law and except for illegitimate children, there is no need for a legally created relationship if the natural relationship of parent and child exists. *Leake v. Grissom,* 614 P.2d 1107 (Okl.1980). The legislature did not intend to provide a proceeding for a parent to adopt his or her own natural legitimate child. *Leake v. Grissom, supra; Gilbertson v. Gilbertson,* 498 P.2d 1381 (Okl.1972).

As was explained in *Gilbertson,* 498 P.2d at 1384:

In *Marshall v. Marshall,* 196 Cal. 761, 239 P. 36, 36 (1925), the Supreme Court of California, under different but applicable circumstances, stated:

It seems unthinkable that one who is both the natural mother and the legal mother of a child can legally adopt such child. The natural mother of a child could legally adopt such child only in a case wherein her parental relationship had theretofore been severed as a matter of law ... (citation added).

The court held that the mother's purported adoption of her children was an "utter nullity". 239 P. at 38. We agree.

Accordingly, Marybelle's supposed "adoption" of Appellees was of no effect, meaningless and a nullity. Any question raised by the parties regarding the applicability of 10 O.S. 1981 § 58 to this case is irrelevant because no "adoption" by Marybelle ever took place.

■ Although Testator may have relinquished his rights to Appellees in the divorce decree, Testator's adoptive parental rights were never formally vacated and we believe Appellees never abandoned their legal entitlement to inherit from Testator's estate. The right to inherit property is granted solely by statute, and the right of inheritance extended to an adopted child arises out of the law in effect at the date such right attaches and not at the date of adoption. *Conville v. Bakke,* 400 P.2d 179 (Okl.1964). Testator died in 1988. Under 10 O.S.Supp.1984 § 60.16 of the Uniform Adoption Act in effect at that time, Appellees' right to inherit was statutorily created as follows:

"From the date of the final decree of adoption, the child shall be entitled to inherit real and personal property from and through the adoptive parents in accordance with the statutes of descent and distribution ..."

Under these facts, we find no statute which severs their right to inherit from their adoptive parent. We are not persuaded by the dicta quoted by Appellants from *In re*

*Talley's Estate*, 188 Okl. 338, 109 P.2d 495, 497 (1941). As legally adopted children, the law grants Appellees the right to inherit and because there is no other law limiting or prohibiting them from inheriting because of their adoption, their right to inherit remains fixed despite Testator's renunciation of them in the divorce decree. Accord, *Stark v. Watson*, 359 P.2d 191 (Okl. 1961); *In re Egley's Estate*, 16 Wash.2d 681, 134 P.2d 943 (1943). There is no legal distinction to be drawn between natural born children and adopted children once the adoption process is complete. *Bingham v. Bingham*, 629 P.2d 1297 (Okl.App.1981). Finding Appellees are the legally adopted children of Testator and that their right of inheritance from their adoptive father remains intact, the determination of the trial court that Appellees are Testator's heirs at law and the appointment of Jimmy Carl Baxter as administrator with will annexed is not against the clear weight of the evidence and is hereby affirmed. Appellees' motion to strike Appellants' brief in chief and motion to dismiss the appeal are hereby denied.

AFFIRMED.

JONES, J., concurs.

HANSEN, V.C.J., dissents with separate opinion.

HANSEN, Vice Chief Judge dissenting.

I respectfully dissent. Although I agree Appellees are not foreclosed from consideration as heirs under the laws of intestate succession merely because they were disinherited under the terms of the will, I disagree with the majority holding that Appellees are Testator's legally adopted children. Title 10 O.S. 1981 § 58 provides:

> No adoption may be challenged on any ground either by a direct or collateral attack more than one (1) year after the entry of the final adoption decree regardless of whether the decree is void or voidable, and the minority of the natural parents shall not operate to prevent this time limit from running.

The majority states the applicability of § 58 to this case is irrelevant because no "adoption" by Marybelle ever took place. Admittedly, even though the validity of Testator's relinquishment of all rights to Appellees and Marybelle's "readoption" of them may be questioned, the fact remains that 35 years have elapsed since Marybelle's "readoptions" of Appellees with their written consent. Moreover, no direct or collateral attack has ever been made on the aforementioned judgment, not even an attack on constitutional due process grounds, which, if made, could provide a challenge to the proceedings beyond the one-year period. *See Matter of Adoption of Lori Gay*, 589 P.2d 217 (Okl.1978).

In *In re Talleys' Estate*, 188 Okla. 338, 109 P.2d 495 (1941) in which a 14 year-old boy was adopted, with the boy's consent, by his natural father, the Supreme Court held that when the father's adoption proceedings were approved by the court, it had the effect of revoking or superseding the order wherein Mr. and Mrs. Talley had previously adopted him. It further held that since the new adoption by the natural father destroyed the first adoptive parents' obligation to care for, educate, or support the boy, it also destroyed the boy's right to inherit.

We find the aforementioned case to be persuasive and applicable to the instant facts. Thus, because Testator and Appellees lost the parental/child relationship, Testator's parental rights had the effect of being terminated by the "readoption" of Appellees by Marybelle, and they are no longer his adopted children. Under the laws of intestate succession, they are not heirs at law of Testator, nor is Jimmy entitled to Letters of Administration with Will Annexed. Moreover, Testator clearly intended that Appellees not inherit from him.

Therefore, under the particular circumstances of this case, I would reverse and remand this matter with directions for the trial court to enter an order entitling Mary Etta Clark to Letters of Administration With Will Annexed of this estate and for further proceedings consistent with the views herein expressed.